ZINGALE v. INTEGRITY MORTG. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8338.   Decided Feb. 27, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

1027. RES ADJUDICATA—677. Judgments and Decrees—27. Actions—542. Foreclosure.

Judgment, in foreclosure proceeding, cannot be collaterally attacked. Fact that lienholder was not served would be ground for setting judgment aside, but this could not be done by ignoring that judgment and filing separate suit.

Appeal from Common Pleas.

Decree for defendant.

L. R. Lanza, Cleveland, for Zingale.

T. J. Coleman, Cleveland, for Mortg. Co.

FULL TEXT.

VICKERY, J.

This action comes into this court on appeal

from the Common Pleas Court of Cuyahoga County.

In the court below the plaintiff brought an action to recover something like Two Hundred Dollars and to foreclose a lien he claims to have on the property owned by the defendant. The court below held in favor of the plaintiff's claim and the defendant appealed. How the court, in face of the record in this case could make any such finding, it is difficult to understand. It seems that in another suit a mortgage company who held a first mortgage upon this property brought an action to foreclose its mortgage and made the plaintiff a defendant, and other lienholders parties to those proceedings. The defendant in this action, together with the Lake Shore Saw Mill Company, and some other defendants filed answers setting up their claims. The record and the journal entry show that the plaintiff in this action was made a party to that suit, and it sets up that he is in default of answer and set up no claim. The journal entry then goes on to marshal liens and orders the sale of this property. The property was sold at sheriff sale, and the defendant in this action became the purchaser of that property, it having the fourth lien in order of priority. That sale was confirmed and the defendant in this action became the owner of the property. Subsequently this suit was brought without any attempt to modify or change the entry in the former suit.

It is claimed in this action that the plaintiff in this action was not served with summons in the other action. The record of the court showed to the contrary. Now it is said in argument here that service of summons was upon the wrong party. However that might be, we do not know. But we do know you cannot attack collaterally that judgment and, so long as that judgment stands unreversed or unmodified, the plaintiff in this action is barred and is bound by that judgment. Of course, if he was not made a party or was not served, that would be a ground for setting aside, perhaps, by proper proceedings that judgment so that he could have his day in court, but he cannot do it by ignoring that judgment and filing a separate suit.

For all intents and purposes there is res adjudicata and it has been decided against him.

The judgment in this case was, therefore, wrong and the judgment of the court should be decree for defendant, order see journal, and the decree should contain a dismissal of the petition without prejudice so that the plaintiff in this suit may, if he has not lost his day, go back into the Common Pleas Court by a direct suit to set aside the judgment in that former action, but he cannot do it in the manner that is attempted here.

Decree for defendant, order see journal. Sullivan, PJ., and Levine, J., concur.